13-3196
Shi v. Holder

BIA
Christensen, IJ
A201 126 207

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of November, two thousand fourteen.

PRESENT:
         JOHN M. WALKER, JR.,
         ROBERT D. SACK,
         REENA RAGGI,
              *Circuit Judges.*
_____

RUI JUN SHI,
         *Petitioner,*

         v.                                    13-3196
                                               NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
         *Respondent.*
_____

FOR PETITIONER:        Rui Jun Shi, *pro se*, Flushing, New
                       York.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney
                       General; Cindy S. Ferrier, Assistant
                       Director; Catherine B. Bye, Trial
                       Attorney, Office of Immigration
                       Litigation, U.S. Department of
                       Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Rui Jun Shi, a native and citizen of the People's Republic of China, seeks review of an August 6, 2013, decision of the BIA, affirming the January 30, 2012, decision of Immigration Judge ("IJ") Jesse B. Christensen, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Rui Jun Shi*, No. A201 126 207 (B.I.A. Aug. 6, 2013), *aff'g* No. A201 126 207 (Immig. Ct. N.Y. City Jan. 30, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (per curiam) (internal quotation marks omitted). "We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as 'conclusive unless any reasonable adjudicator would be compelled to conclude to the

2

contrary.'" *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165 (2d Cir. 2008) (per curiam) (quoting 8 U.S.C. § 1252(b)(4)(B)). The agency may, "[c]onsidering the totality of the circumstances . . . base a credibility determination on the demeanor" of an asylum applicant and "the internal consistency" of the applicant's statements, "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's determination that Shi was not credible.

The agency reasonably relied on Shi's demeanor, noting that his testimony was unresponsive at times and gave the impression that he was testifying from a script.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005).  That finding is supported by the hearing transcript.

The agency's demeanor finding is further bolstered by inconsistencies and implausibilities in the record regarding Shi's actions after he purportedly escaped detention at a family planning facility.  *See Xiu Xia Lin*, 534 F.3d at 166 n.3; *see also Wensheng Yan v. Mukasey*, 509 F.3d 63, 66-68 & n.2 (2d Cir. 2007) (per curiam).  Shi and his family

3

asserted that he had to fearfully hide in constant danger after his June 2009 escape until his March 2010 arrival in the United States, while he admitted that he used his own passport to take two international vacations during that time, including a fifteen day sightseeing trip to the United States, returning to hide at his aunt's house in China on both occasions.

Having questioned Shi's credibility, the agency reasonably relied further on his failure to provide certain evidence corroborating his claim or rehabilitating his testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam). Furthermore, the IJ was not required to make a finding as to the availability of such evidence before relying on Shi's lack of corroboration. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir. 2006).

Given the agency's findings regarding Shi's demeanor and the implausibility and lack of corroboration for his testimony, the agency's adverse credibility determination is supported by substantial evidence. This determination is dispositive of Shi's claims for asylum, withholding of removal, and CAT relief. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

4

For the foregoing reasons, the petition for review is DENIED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk